## Krehl et al. *v.* Mosser, Appellant.

*Sale—Custom—Evidence — Modification of contract — Implied warranty.*

In an action to recover the contract price of 1,000 hides, where it appears that the contract specified delivery of two grades of hides at different prices, but did not specify the proportions of each, it is improper to offer to prove by a witness a trade custom, requiring in case of a sale of a lot of hides of different grades a fixed proportion as between the several grades. Such an offer involved an introduction into the written agreement of a custom of trade at variance with the express terms of the contract, and an implied warranty which did not arise from the contract itself.

If such an offer was not so directed in form as to disclose a trade custom, it was properly rejected, where the record failed to disclose any evidence tending to establish such custom.

Argued March 18, 1919. Appeal, No. 273, Jan. T., 1919, by defendant, from judgment of C. P. Lehigh Co., April T., 1917, No. 31, on verdict for plaintiffs in case of J. C. Krehl and C. E. Force, copartners, trading as Krehl & Force, v. George E. Mosser. Before STEWART, MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Assumpsit for the contract price of 1,000 hides.  Before HENRY, P. J., specially presiding.

Verdict and judgment for plaintiffs for $5,479.54.  Defendant appealed.

*Errors assigned* were rulings on evidence referred to in the opinion of the Supreme Court.

*Fred B. Gernerd,* with him *Arthur G. Dewalt* and *Horace Heydt,* for appellant, cited: A. E. David v. Koenig & Gaertner, 165 Pa. 347; Bardsley v. Gill, 218 Pa. 56.

*Rubin J. Butz,* of *Butz & Rupp,* for appellees, cited: Coxe v. Heisley, 19 Pa. 243; Wetherill v. Neilson, 20 Pa. 448; Hartje v. Collins, 46 Pa. 268; Harris v. Sharples, 202 Pa. 243; Barnard v. Kellog, 77 U. S. 383.

OPINION BY MR. JUSTICE STEWART, April 21, 1919:

Plaintiffs' action was for the recovery of the contract price for a lot of untanned hides.  The contract of sale is to be gathered from the correspondence between the parties.  The plaintiffs, dealers in such commodity and doing business in Girard, in the State of Ohio, wrote to the defendant, residing at Allentown in this State, under date of December 1, 1916, as follows: "We can offer you, subject to sale, for quick delivery 800 45-up Buff hides at 27c selected; a like amount of Extreme hides at 32c selected; 1000 fresh butcher calf and kip skins at 50c for No. 1 calf, 43c for No. 1 kip, usual deduction for 2's, with light calf at $3.50, deacons at $3.30.  Can also offer approximately 400 large untrimmed horse hides at $12.00 each for No. 1's, usual deduction for 2's, glues and ponies, and hides without tails, 25c off.  If interested shall be pleased to hear from you."  Under date of 4th December, 1916, defendant in reply wired the plaintiffs as follows: "Accept calf skins Price your letter, name lowest on Horse Hides."  To this plaintiffs the same day replied by wire, "Message received.  Have booked for you

Calf and Kip. Eleven Fifty on Horse is lowest. Subject sale." Other correspondence followed but from what we have given above the entire contract is to be derived so far as concerns the present inquiry. Several defenses were set up to the action in the court below, a single one, however, is made the basis of an exception, and therefore this alone calls for consideration in the present controversy. What we have above given of the correspondence between the parties is quite sufficient for a full understanding of the one question we have to decide. On the trial of the case a verdict was rendered for plaintiffs in the sum of $5,079.54; a motion for a new trial was refused and judgment was accordingly entered on the verdict. The appeal is from the judgment so entered.

The only defense attempted in the court below which is here brought to our attention by the assignments of error was a claim that the 1,000 skins shipped by plaintiffs to the defendant did not contain the usual proportions of 1's and 2's, according to the custom of the trade, and that, therefore, defendant was not obliged to accept the skins. In thus stating the question we have followed the language used by appellant in the very beginning of his submitted argument. In the same argument, and in the same connection, there is to be found this admission, "There is no exception in the record which raises the second question (assignment No. 2) and the third question (assignment No. 3) was purely a question of fact for the jury, so that the discussion on this appeal must be limited to the first question (assignment No. 1)." The questions presented in assignment No. 1, —all that is left for consideration—is whether the court erred in sustaining an objection to the competency of the witness Bodsky, called by plaintiffs to make answer to the following questions put him: "Q. From your knowledge of skins, the grades and your experience, what would you call a lot of skins, a thousand skins in which there appears 570 No. 2's, 407 No. 1's, 4 Grassers, 4 Deacons, 7 No. 3's and 4 other Deacons 8 in all? What would

you say as to whether a lot of 1000 such skins as to whether they were a lot of fresh butcher skins, country skins, or what kind of skins would you call them?" This was objected to as incompetent and irrelevant, "because the contract in evidence specified the terms and delivery of both number 1's and 2's, and provides a different price in each grade of skins." However pertinent the evidence offered may have been in some of the other defenses attempted all of which were decided adversely to the defendant in the court below, it is apparent that it could have no relevancy to the one purpose for which appellant now insists it was offered, namely, to show a trade custom requiring in case of a sale of a lot of hides of different grades a fixed proportion as between the several grades. This being the real and only contention before us, the right to introduce in the case such trade custom,— the other assignments of error having been withdrawn— would have been wholly ineffective to raise the question. Appellant's contention, if sustained, would have introduced into this written contract a custom of trade at variance with the express terms of the contract, and an implied warranty which does not arise from the contract itself. But, without this, the question put was not so directed as to disclose a trade custom, if any there was. If plaintiffs' reliance was upon a trade custom, it was first of all essential that he offer proof to establish such custom. The record will be searched in vain for any evidence, tending even in a remote degree to establish any such custom. It is unnecessary to say more. The offer was properly rejected and the judgment is affirmed.